15121

REEVES v. CAROLINA FOUNDRY & MACHINE WORKS
*ET AL.*

(9 S. E. (2d), 919)

*Messrs. Donald Russell* and *Rufus M. Ward,* for appellants,

*Messrs. Evans, Galbraith & Holcombe,* for respondent,

July 9, 1940.

The opinion of the Court was delivered by Mr. Justice Baker.

By this action, commenced before the South Carolina Industrial Commission on November 3, 1939, respondent seeks to recover from the appellants under the terms of the Workmen's Compensation Act, Act July 17, 1935, 39 St. at Large, page 1231, for an injury received by him under date of April 15, 1939, while he was employed at the shop of the Carolina Foundry and Machine Works in Spartanburg, South Carolina. The appellant, American Casualty Company, is the insurance carrier of the appellant, Carolina Foundry and Machine Works. The action was defended under the following provisions of Section 13 of the Act: "No compensation shall be payable if the injury * * * was occasioned by the intoxication of the employee to injure * * * himself. * * * The burden of proof shall be upon him who claims an exemption of forfeiture under this Section."

The single commissioner hearing the case, found, as a fact, that the respondent's injuries were not caused by his intoxication or by his willful intention to injure himself and accordingly made an award in favor of the respondent in the approximate amount of $1,800.00, together with approximately $850.00 hospital and medical bills and an additional award in the amount of $2,500.00 for serious bodily disfigurement. From such award an appeal was taken to the full commission, resulting in the award being affirmed in its entirety.

An appeal was taken to the Court of Common Pleas from the award of the Industrial Commission. In connection with its appeal to the Circuit Court, the appellants contended in oral argument before the presiding Judge that since Section 13 of the Act was the basis of such appeal, the jurisdiction of the commission was at issue and the Court had the same right to review fact findings as it had to review legal conclusions. Under date of May 13, 1940, an order was handed

down affirming the award of the Industrial Commission. From this order and judgment entered or to be entered, this appeal is prosecuted.

While there are five exceptions taken to the Circuit Court order, they raise but two issues: (1) Can fact findings be reviewed by the Court when the jurisdiction of the commission is at issue? (2) Was there any evidence to support the commission's findings (a) that the injuries to the respondent were not occasioned by a willful intention on his part to injure himself, and (b) that the injuries to respondent were not occasioned by his intoxication?

These issues necessarily converge, and as a practical matter become but one issue.

The South Carolina Workmen's Act, appearing as Act 610, Acts of 1936, 39 Statutes at Large, page 1231, created an Industrial Commission to administer the Act, and a finding of fact by the full commission is final.

The Act has eliminated all issues of negligence and degrees thereof on the part of the employer and employee, and provides for compensation to the injured employee within certain limits, and in many instances for a specific injury. However, as aforestated, Section 13 of the Act denies compensation "if the injury * * * was occasioned by the intoxication of the employee or by the wilful intention of the employee to injure * * * himself * * *." When Section 13 is pleaded as a defense, or as a bar to a recovery under the Act, this cannot have the effect *ipso facto* of ousting the commission of jurisdiction, although the jurisdiction of the commission may thereby become a mixed question of law and fact. It is for this reason, we declared hereinabove that the issues raised by this appeal become a single issue.

Neither this Court nor the Court of Common Pleas can review the findings of fact by the commission except to determine whether there is any evidence to support its findings of fact—in the instant case—that the

respondent's injury was not occasioned by his intoxication, and that the injury was not the result of the willful intention of respondent to injure himself. There is no issue as to the award if the respondent is not barred under the terms of Section 13 of the Act.

Subject to our observation herein that it was a mixed ██ question of law and fact if the commission had the power to make an award, we quote with approval from respondent's printed brief: "Whether or not the injury was occasioned by the employee's intoxication or willful intention to injure himself is a question of fact upon which the defendants' liability depends. It is a question of fact for the Commission to decide. If the Commission comes to the conclusion in a given case that the employee's injuries were occasioned by his intoxication or willful intention to injure himself, and so holds, it does not thereby decide that it lacks jurisdiction to hear the case. Indeed, a decision that the injury was so occasioned is in itself an affirmation of jurisdiction by the Commission, for, if it lacked jurisdiction, it would be powerless to pass upon any issue in the case on which the question of liability depends. Jurisdiction is the power to hear and determine a cause. It is patent, therefore, that what the defendants urge as an objection to the jurisdiction of the Commission is merely one more argument for their non-liability. It is simply a question of fact to be decided by the Commission and the only question that could now be raised thereabout would be whether there was any evidence to support the Commission's finding."

In *Manning v. Gossett Mills et al.*, 192 S. C., 262, 6 S. E. (2d), 256, 258, Mr. Associate Justice Bonham, now Chief Justice, writing the opinion of the Court, stated in part: "The large majority of the states have adopted Workmen's Compensation Acts, and nearly all of them have features in common. It is interesting to study and compare them, and note the decisions of the Courts of the various states anent their elucidation of the provisions thereof."

The word "intoxicated" is a relative term. When applied to Section 13 of the Act, we would say that it (intoxication) was intended to denote a condition produced by the use of some stimulant, rendering an employee impaired in his faculties to the extent that he is incapable of carrying on his accustomed work without danger to himself.

The appellant insists that "the respondent laid down his own safety rule—he could not safely perform his duties after having drunk one bottle of beer." This position has reference to the testimony of respondent that on his way to his work, he bought a bottle of beer, took three swallows, and put the bottle down, remarking, "I guess I'd better not drink it, after I was going to work," and did not drink that beer. Respondent also testified that he was given employment upon the distinct understanding that he would refrain from the use of all alcoholic stimulants. Although respondent stated he knew that working around machinery was dangerous, we cannot say if he refrained from drinking the entire bottle of beer as a matter of personal safety or because of the condition upon which he was employed.

Without detailing the testimony, which would not add to the opinion, we will state that we have carefully read the record, and while if we were passing upon the facts in the first instance, we may reach a conclusion different from that of the commission, we are unable to say there is no testimony supporting its conclusion that respondent was not intoxicated.

The testimony is conflicting, and the commission sitting as a jury could have reasonably concluded that the respondent was not in such a state of intoxication, if intoxicated, as to impair his faculties to the extent that he was incapable of carrying on his accustomed work without danger to himself. Further than this, Section 13 provides that in order to bar a recovery, the injury must

be occasioned by the intoxication of the employee, which means that the proximate cause of the injury must be the intoxication of the employee.

The only direct testimony as to the machine at which respondent was working when he realized that his clothing was on fire, came from the respondent who was alone in the plant of the appellant, Carolina Foundry and Machine Works. According to his testimony he was using an emery wheel sharpening a tool. It was his theory that a spark from the emery wheel ignited his greasy overalls. He had a box of matches in his overalls pocket, and the matches "blew up." The pocket referred to was in the left side of shirt to the overalls. There being no other testimony on the subject, we must assume that the ignition of respondent's clothing in this wise was possible, although the writer hereof has always thought to the contrary.

The word "willful" as used in the Act under discussion has the same meaning as it has always had under the common law. "Wilful" means "intentional." See *Cummings v. McCoy*, 192 S. C., 469, 7 S. E. (2d), 222. But here the phrase "wilful intention" is used. Under these circumstances, and as so used in this portion of Section 13 of the Act, we cannot hold that it means "intentional," since to so hold, it would make the phrase read "intentional intention." We are therefore forced at this point to give to the word "wilful" its popular meaning according to the rules of grammar. As used, undoubtedly the Legislature intended it to be understood as "deliberate intention" or "formed intention."

There was no evidence of a deliberate or formed intention on the part of respondent to injure himself.

For the reasons above stated the exceptions must be overruled, and the judgment appealed from is affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.