JONES TRUCK LINES, INC., ET AL v. MILLS O. LETSCH

5-4618                                        436 S.W. 2d 282

Opinion Delivered January 20, 1969

[Rehearing denied February 17, 1969.]

*Crouch, Blair & Cypert* for appellants.

*Putman, Davis & Bassett* for appellee.

GEORGE ROSE SMITH, Justice. This is a workmen's compensation case in which the appellants, the employer and insurer, unsuccessfully contended before the commission and in the circuit court that the employee's claim should be denied because his injuries were "solely occasioned by intoxication." Ark. Stat. Ann. § 81-1305 (Repl. 1960). When the facts are viewed as we must view them, in the light most favorable to the commission's decision, the principal issue emerges as one of law: What is meant by "intoxication," in the controlling section of the statute?

Inasmuch as the ultimate issue is one of law we need narrate the controlling facts only, disregarding conflicts in the testimony. Letsch, a truckdriver employed by the appellant truck line, underwent surgery in January, 1966, for the removal of most of his stomach. During his convalescence his surgeon, Dr. Dorman, prescribed a course of treatment including mepergan fortis pills. Letsch testified that Dr. Dorman did not warn him against taking the pills while he was driving. (Dr. Dorman usually gave such a warning.)

On June 25, 1966, after Letsch had returned to work, he drove one of his employer's trucks from Springdale to Kansas City, arriving at about 8:30 a.m. He did not sleep during the day before leaving Kansas City that evening for Springfield, Missouri. He did, however, take two of the mepergan fortis pills. The commission, despite Letsch's denials, found that he also drank some liquor while he was in Kansas City. About thirty minutes after leaving Kansas City the claimant ran off the highway and suffered the injuries for which compensation was awarded. He testified that he did not remember anything that happened after about 3:00 that afternoon.

The claimant unquestionably made a prima facie case by his own testimony and that of Dr. Dorman, who

984

stated that, "very definitely," the medication and a head injury suffered by Letsch three days earlier could have had a bearing upon the truck accident. The pills, he said, tend to make some patients "kind of go out of their minds, confused." On cross-examination Dr. Dorman testified that the pills would potentiate the effect of alcohol and might cause a person to drop off to sleep. He explained that the pills are a relatively strong narcotic, combining a synthetic morphine and a tranquilizer. His testimony about the effect of combining alcohol with mepergan fortis is not disputed.

Under the statute, the issue is whether the claimant's injuries were *solely* occasioned by intoxication. There is an affirmative presumption, relied on by the commission, that the injury did not result from intoxication. Ark. Stat. Ann. § 81-1324. Reading the two statutory sections together, we have held that "if the employer seeks to defeat recovery because of intoxication of the employee, the employer must not only prove that the employee was intoxicated, but the employer must go further, and prove that the death [injury] of the employee *'was solely occasioned by intoxication.'*" *Cox Bros. Lbr. Co.* v. *Jones,* 220 Ark. 431, 248 S.W. 2d 91 (1952).

Here the appellants insist that the statutory reference to intoxication must be taken to mean intoxication from narcotics as well as intoxication from alcohol. We cannot approve such a broad interpretation. Perhaps the argument would be sound if the narcotics were taken voluntarily as such, as by a drug addict. But construing the act liberally in favor of the claimant, we think it clear that the lawmakers' reference to injuries caused solely by intoxication was not intended to include the effects of medication innocently taken upon the orders of a physician. It happens that here the consumption of alcohol contributed to the narcotic effect of the pills, but there is an abundance of substantial evidence to show that the alcohol was not the *sole* cause of the claimant's condition.

One of the cases cited by the appellants confirms our conclusion. In *State* v. *Glynn*, 20 N.J. Super. 20, 89 A. 2d 50 (1952), a truckdriver was convicted of driving under the influence of intoxicating liquor upon proof that his condition was caused by a combination of drinking beer and taking benadryl capsules. The statute applied to a person "who operates a motor vehicle under the influence of intoxicating liquor." Counsel for the defendant argued that the statute contemplated that intoxicating liquor should be the *only* cause of the prohibited condition. In rejecting that argument the court said: "Defendant would have the statute read: 'A person who operates a motor vehicle while *exclusively* under the influence of intoxicating liquor . . .' The Legislature has not so phrased the provision."

By contrast, our legislature *has* so phrased the compensation law by denying compensation for injuries *solely* occasioned by intoxication. We conclude that the appellants failed to meet their burden of proving that the claimant's injuries were solely due to intoxication.

We cannot sustain the appellants' second argument, that compensation should be denied because Letsch was slightly off the most direct route from Kansas City to Springfield when the accident happened. The commission found no material deviation, saying: "Claimant was driving respondent's truck and was going in the general direction of Springfield, Missouri, where his first stop was to be made. There is no evidence that claimant was on a personal mission." We cannot say that the commission's conclusion is not supported by substantial proof.

There is another issue—a minor one. The commission found a compensable permanent partial disability, even though Letsch was earning the same wages at the time of the hearing as he was before his accident. Such an award was upheld in *Dockery* v. *Thomas*, 229

Ark. 984, 320 S.W. 2d 257 (1959). We reasoned that what the claimant had earned for a short period of time after his injury did not prove that the commission was wrong in compensating him for the permanent injury to his body as a whole. We regard that decision as sound and reject the appellants' insistence that it be overruled.

Affirmed.

FOGLEMAN, J., concurs.

HARRIS, C.J., and BYRD, J., dissent.

JOHN A. FOGLEMAN, Justice. I concur in the result, but I fear that the language of the majority opinion can and will be taken to mean that intoxication, under our workmen's compensation act can only result from the use of alcohol. I do not feel that this is the intention sought to be expressed in the act. To me, the word intoxication, in the compensation act, should be taken to denote a condition produced by the voluntary ingestion or use of a substance, or substances, which alone, or in combination, impair the mental and physical faculties of an employee to the extent that he is incapable of carrying on his accustomed work without danger to himself. See definitions of "intoxicant," "intoxicate," "intoxicated" and "intoxication" in *Webster's New International Dictionary,* Second Edition and *Webster's Third New International Dictionary.* See also *Reeves* v. *Carolina Foundry & Machine,* 194 S.C. 403, 9 S.E. 2d 919; *Commonwealth* v. *Schuler,* 157 Pa. Super. 442, 43 A. 2d 646.

I certainly agree that there is substantial evidence to show that the alcohol consumed by appellee was not the sole cause of his condition, but I do not agree that this alone eliminates intoxication as the sole cause of his injury. I agree that there is evidence upon which the Workmen's Compensation Commission could base a finding that Letsch did not know or suspect that the

pills he was taking upon the doctor's prescription would cause intoxication, or would intensify the effects of alcohol ingested by him. I do not think that one can be said to have taken the intoxicating substance voluntarily unless he knew, or should have known, its possible effects.