0674

Jack L. CHANDLER, Deceased Employee, Millie M. Chandler, Widow, Jack L. Chandler, Jr., Son, and Pamela Chandler Hopkins, Daughter, Claimants, of whom Millie M. Chandler is Appellant v. SUITT CONSTRUCTION COMPANY, Employer, and Aetna Casualty & Surety Company, Carrier, Respondents. Appeal of Millie M. CHANDLER.

(343 S. E. (2d) 633)

Court of Appeals

*Paul N. Urricchio, Jr.,* of *Urricchio, Howe & Krell,* Charleston, *for appellant.*

*E. Douglas Pratt-Thomas,* of *Wise & Cole,* Charleston, *for respondents.*

Heard Dec. 10, 1985.

Decided April 7, 1986.

HOWELL, Judge:

This is an appeal from an order of the circuit court reversing the decision of the Industrial Commission to award worker's compensation benefits. We reverse and remand.

Jack L. Chandler died on December 22, 1981, in a motor vehicle accident. His wife, appellant Millie M. Chandler, filed a claim with the Industrial Commission to recover worker's compensation benefits, alleging that the death of her husband arose out of and in the course of his employment with respondent, Suitt Construction Company.

The sole question on appeal is whether the death of appellant's husband was proximately caused by his intoxication, which would be a complete defense and bar to recovery under the Worker's Compensation Act.

The record discloses that Chandler reported to Suitt Construction Company for work at 7 a.m. in Charleston on the day of his death and was shortly thereafter dispatched to Columbia in a company vehicle to pick up a tool. On his return trip to Charleston he died when his vehicle left the road and struck a tree in the median.

No compensation is payable when the injury or death is occasioned by the intoxication of the employee. S. C. Code Ann. § 42-9-60 (1976); *Reeves v. Carolina Foundry & Machine Works,* 194 S. C. 403, 9 S. E. (2d) 919 (1940). The burden of proof of intoxication is on the person claiming it as a defense. S. C. Code Ann. § 42-9-80 (1976).

The single commissioner granted benefits after concluding that respondents had not met the burden of proving intoxication and the full commission affirmed. The circuit court reversed, ruling that decedent's intoxication was the proximate cause of his accident.

The Administrative Procedures Act (S. C. Code Ann. §§ 1-23-310 et seq., 1984 Cum. Supp.) sets forth the scope of

judicial review following the exhaustion of administrative remedies before state agencies. Section 1-23-380(g) provides in part:

> (g) The court shall not substitute its judgment for that of the agency as to the weight of evidence on the questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> *   *   *
>
> (5) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.

Substantial evidence is "evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action." *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304, 306 (1981).

A thorough review of the record reveals that the circuit court attached considerable weight to a blood/alcohol test and drug screen performed by the State Law Enforcement Division at the request of the Berkeley County coroner. These tests showed a .212 ethanol reading in the blood and a .185 ethanol reading in the vitreous fluid taken from the eye of the deceased. The drug screen was negative. Appellant objects to any consideration of the blood/alcohol tests on the grounds that respondents did not establish a proper chain of evidence. However, we find that although the commissioner, as fact finder, may have erred by admitting the test results into evidence, he found them of no probative value for lack of reliability. Whatever defects existed in the chain of evidence, therefore, amounted to harmless error.

The testimony is uncontroverted that the blood sample was taken at the funeral home from the crushed chest cavity of the deceased. Respondents' expert testified that because samples obtained in this manner are subject to contamination from stomach contents the proper

procedure is to obtain vitreous fluid from the eye, which is what the coroner did. Testimony of appellant that deceased was on the morning of his death suffering from a cold and taking an alcohol-based cough medicine established further possibility of contamination from stomach contents. For these reasons it is apparent that the commissioner attached no probative value to the blood sample and looked next to the vitreous fluid. The evidence is uncontroverted that the written SLED report of its tests contained only the information that the ethanol reading of the blood sample was .212 and the drug screen of the blood was negative. There was no mention of any tests run on the vitreous fluid. The results of the alcohol test of the vitreous fluid did not surface until the deposition of the SLED chemist, which was taken more than three months after the SLED report was completed. This testimony was uncorroborated by documentation or otherwise. Again, it is apparent that the commissioner chose to discount totally these test results. We cannot find that the fact finder's conclusions are erroneous. On the contrary, we find they meet the requirements of the substantial evidence rule. *Lark v. Bi-Lo, spura.*

The finding of the commissioner that respondents did not meet their burden of proof is further supported by uncontroverted testimony that the deceased did not appear to be intoxicated when he awakened, reported for work, left for Columbia, arrived in and departed from Columbia. Moreover, the accident occurred at about 1:30 p.m. with at least two-thirds of the return trip completed, indicating that the trip was made in a timely manner without lengthy interruption. The Emergency Medical Services attendant who arrived at the scene of the accident detected no evidence of alcoholic beverage although he admitted that he could not check the inside of the van because it was on fire. Also, the EMS attendant and the wife of the deceased testified they were in close proximity to the body and detected no odor of alcoholic beverage. The credibility of the witnesses in this case, as in all worker's compensation cases, is for the single commissioner and ultimately the full commission. *Ford v. Allied Chemical Corporation,* 252 S. C. 561, 167 S. E. (2d) 564 (1969).

We think the foregoing is sufficient to show that the findings and conclusions reached by the commission have adequate support in the evidence. Other than the alcohol tests and drug screen that the commissioner discounted, the only evidence in the record of intoxication is the testimony of a truck driver who said he saw the deceased drive erratically immediately before the accident. However, the deceased's allegedly erratic driving can be attributed to factors such as drowsiness and/or illness as much as to intoxication. In any event, evidence of erratic driving does not render the findings of the commissioner or the full commission clearly erroneous. Substantial evidence supports the finding that respondents failed to prove by the preponderance of the evidence either that the deceased was intoxicated or that intoxication was the proximate cause of his accident.

Accordingly, the order of the circuit judge is reversed, and remanded for disposition consistent with this decision.

Reversed and remanded.

GOOLSBY, J., concurs.

SHAW, J., dissents in separate opinion.

SHAW, Judge (dissenting):

I respectfully dissent. I would affirm the Circuit Court's ruling because I believe the Industrial Commission's decision prejudiced Suitt Construction Company's substantial rights because it is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record ..." S. C. Code Ann. § 1-23-380(g) (5) (Supp. 1984).

The record reveals the following evidence: (1) although the claimant stated the decedent had not, to her knowledge, drank since January or February of 1981, she testified to his history of alcoholism; (2) a blood alcohol level of 0.212% and an ocular fluid level of .185%; (3) the accident involved only the decedent and there is no evidence of mechanical failure; (4) the testimony of a truck driver that the decedent was driving recklessly right before the accident, including attempting to pass *between* two cars at 60 miles per hour; and finally (5) although the decedent traveled from Charleston

to Columbia and picked up the tool in approximately two hours, he had not yet arrived back in Charleston when he wrecked approximately four hours later. This great disparity in travel time was unexplained in the record.

There was some mitigating testimony but I would hold it is insufficient to overcome the above evidence. Considering the entire record I think the only reasonable conclusion is the decedent was intoxicated at the time of the accident.