656 S.E.2d 772

Tony D. JONES, Appellant,

v.

HAROLD ARNOLD'S SENTRY BUICK, PONTIAC, Employer
and South Carolina Automobile Dealers Association,
Carrier, Respondents.

No. 4328.

Court of Appeals of South Carolina.

Submitted Dec. 1, 2007.

Decided Jan. 3, 2008.

Rehearing Denied Feb. 14, 2008.

376

Thomas W. Greene, of Charleston, for Appellant.

Vincent C. Northcutt and Jason A. Williams, both of Charleston, for Respondents.

WILLIAMS, J.

This action originated from a workers' compensation claim filed by Tony Jones (Jones) against his employer, Harold Arnold's Sentry Buick, Pontiac, GMC (Employer). Jones argues the Appellate Panel of the Workers' Compensation Commission (Appellate Panel) improperly concluded Employer established the defense of intoxication. We affirm.

## FACTS

Jones asserted he suffered compensable injuries to his back and lower extremities as a result of two falls that occurred on May 20 and May 21, 2004. At the time of his alleged injuries, Jones was a car salesman for Employer.

Jones acknowledged an addiction to cocaine. Jones admitted to using cocaine on May 16 and May 17, 2004. However, Jones denied using cocaine on the dates of his falls.

Prior to his alleged injuries, Jones voluntarily began counseling with Kevin Shea, a certified addictions counselor. On May 19, 2004, one day prior to Jones' first fall, Shea and Jones had a one-hour counseling session. According to Shea, Jones did not exhibit any signs of being under the influence of cocaine at this session. However, Shea admitted he did not meet with Jones on the dates of the falls, and therefore, Shea could not determine if Jones was under the influence of cocaine during those days. On the date of Jones' first fall, May 20, 2004, Jones tested positive for cocaine.

In denying a compensable injury had occurred, Employer sought to establish the affirmative defense of intoxication pursuant to S.C.Code Section 42–9–60 (Supp.2006). The Single Commissioner found Jones was intoxicated at the time of his falls. In so doing, the Single Commissioner specifically concluded Jones' testimony was not credible at either the hearing or at his deposition. The Single Commissioner further found Employer's witnesses' testimony to be more credible than Jones' witnesses' testimony. The Appellate Panel

affirmed the Single Commissioner in full as did the circuit court. This appeal follows.

## STANDARD OF REVIEW

The Administrative Procedures Act applies to appeals from decisions of the Commission. *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 134–35, 276 S.E.2d 304, 306 (1981). In an appeal from the Commission, neither this Court nor the circuit court may substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact, but it may reverse when the decision is affected by an error of law. *Corbin v. Kohler Co.,* 351 S.C. 613, 617, 571 S.E.2d 92, 95 (Ct.App.2002).

"Any review of the [C]ommission's factual findings is governed by the substantial evidence standard." *Lockridge v. Santens of Am., Inc.,* 344 S.C. 511, 515, 544 S.E.2d 842, 844 (Ct.App.2001). Accordingly, we limit review to deciding whether the Commission's decision is supported by substantial evidence or is controlled by some error of law. *Corbin,* 351 S.C. at 617, 571 S.E.2d at 95.

"Substantial evidence is evidence that, in viewing the record as a whole, would allow reasonable minds to reach the same conclusion that the full commission reached." *Lockridge,* 344 S.C. at 515, 544 S.E.2d at 844. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Lee v. Harborside Cafe,* 350 S.C. 74, 78, 564 S.E.2d 354, 356 (Ct.App.2002) (internal quotations and citations omitted).

## LAW/ANALYSIS

Jones argues substantial evidence does not support the conclusion he was intoxicated at the time of his falls. We disagree.

Generally, the fault of an employee in a workers' compensation claim has no bearing on the employee's right to recover. *Zeigler v. S.C. Law Enforcement Div.,* 250 S.C. 326, 329, 157 S.E.2d 598, 599 (1967). Section 42–9–60 makes an exception to this general rule and states, "No compensation shall be payable if the injury ... was occasioned by the intoxication of the employee...."

■■ Intoxication is a condition that results from the use of a stimulant, which renders an employee impaired in his or her faculties to the extent that the employee is incapable of carrying on the accustomed work without danger to the employee. *Reeves v. Carolina Foundry Mach. Works,* 194 S.C. 403, 408, 9 S.E.2d 919, 921 (1940). Intoxication is an affirmative defense which requires the party asserting the defense to carry the burden of proof. *Chandler v. Suitt Constr. Co.,* 288 S.C. 503, 504, 343 S.E.2d 633, 634 (Ct.App.1986).

The record is replete with testimony that requires this Court to conclude substantial evidence exists to affirm the Appellate Panel. On May 20, 2004, the date of the first fall, Jones tested positive for cocaine. Dr. Demi Garvin, a toxicologist, testified the positive result was consistent with Jones using cocaine on May 20, 2004.

Dr. Garvin further testified that cocaine use can result in red and glassy eyes, slurred speech, and risk-taking behavior. Dr. James Ballenger, a psychiatrist with an expertise in substance abuse, testified that an individual under the influence of cocaine exhibits the following signs: anxiety, memory loss, clumsiness, slurred speech, red puffy eyes, and eyes darting back and forth.

Leslie Wise, a parts manager for Employer, testified she immediately went to Jones after Jones' fall on May 20, 2004. When asked if she noticed anything unusual about Jones' appearance, Wise responded, "Yes. I actually noticed his eyes were, I say, dancing. They were just moving ... fast ... just jumping around." Michael Dickey, a general sales manager for Employer, testified Jones slurred his speech on May 20 and May 21, 2004, the dates of Jones' first and second falls. Dickey also stated Jones' eyes were glassy, red, and swollen on May 20 and May 21, 2004.

We are cognizant of the fact that Jones produced witnesses on his behalf. For example, Robert Strong testified on behalf of Jones. The parties were acquainted with each other because both belonged to the same church. On May 19, 2004, one day prior to Jones' first fall, Strong was attempting to purchase a vehicle from Jones. Strong, along with Jones, took the prospective vehicle for a test drive. During this drive, Jones and Strong decided to have lunch.

When asked whether Strong observed anything unusual about Jones, Strong responded in the negative. Strong further stated Jones did not have red, swollen, or glassy eyes on that day. Strong also noted he had no difficulty in understanding Jones. However, the meeting between Strong and Jones occurred on May 19, 2004, one day prior to Jones' first fall. Thus, it is possible for Jones to have ingested cocaine after his meeting with Strong but prior to his fall. Moreover, the Single Commissioner found Jones' and his witnesses' testimony less credible than Employer's and Employer's witnesses' testimony. *See Lee*, 350 S.C. at 78, 564 S.E.2d at 356 (Ct.App.2002) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.") (internal quotations and citations omitted).

## CONCLUSION

Accordingly, the circuit court's decision is
**AFFIRMED.**[1]

ANDERSON and SHORT, JJ., concur.

---

1. We decide this case without oral arguments pursuant to Rule 215, SCACR.