THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Robert James, Appellant,
 v.
 Columbia Staffing and Liberty Mutual Insurance
 Company, Respondent.
 
 
 

Appeal From Spartanburg County
 Roger L. Couch, Circuit Court Judge
Unpublished Opinion No.   2009-UP-068
Submitted February 2, 2009  Filed
 February 9, 2009
AFFIRMED

 
 
 
 Stephen B. Samuels, of Columbia, for Appellant.
 Jeffrey S. Jones, of Greenville, for Respondent.
 
 
 

PER CURIAM: 
 Robert James appeals an order of the circuit court affirming an order of the
 Workers' Compensation Commission Appellate Panel denying his claim.  James
 argues the circuit court erred in affirming the Appellate Panel's findings he
 was not credible and did not meet his burden of proof.  We affirm pursuant to Rule 220(b), SCACR,
 and the following authorities:  Clade
 v. Champion Lab., 330 S.C. 8, 11, 496
 S.E.2d 856, 857 (1998) ("The claimant has the burden of proving facts that
 will bring the injury within the workers' compensation law, and such award must
 not be based on surmise, conjecture, or speculation."); Jones v. Harold
 Arnold's Sentry Buick, Pontiac, 376 S.C. 375, 378, 656 S.E.2d 772, 774 (Ct. App. 2008) (holding substantial evidence is the standard of review applied to workers'
 compensation claims, and the ability to draw inconsistent conclusions from the
 evidence does not prevent an appellate court from finding the Appellate Panel's
 determinations are supported by substantial evidence); Foggie v. Gen. Elec.
 Co., 376 S.C. 384, 390, 656 S.E.2d 395, 398 (Ct. App. 2008) ("For in
 workers' compensation cases, the Appellate Panel is the ultimate finder of
 fact, and the final determination of witness credibility and the weight to be
 accorded evidence is reserved to the Appellate Panel."); Jennings v.
 Chambers Dev. Co., 335 S.C. 249, 254, 516 S.E.2d 453, 456 (Ct. App. 1999) ("For
 an injury to be compensable, it must be by accident arising out of and in the
 course of employment."). 

AFFIRMED.[1]
SHORT, THOMAS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.