**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Briett Johnson, Appellant,

v.

Pike Electric, Inc. and Liberty Mutual Insurance Company, Respondents.

Appellate Case No. 2014-002366

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2016-UP-075
Submitted February 1, 2016 – Filed February 24, 2016

———————

**AFFIRMED**

———————

Gregory B. Askins, of Askins Chandler & Askins, of Hemingway, and Brooks Roberts Fudenberg, of Law office of Brooks R. Fudenberg, LLC, of Charleston, for Appellant.

Helen Faith Hiser, of McAngus Goudelock & Courie, LLC, of Mount Pleasant, and Jonathan Brandon Hylton, of McAngus Goudelock & Courie, LLC, of Florence, for Respondents.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 42-9-60 (2015) ("No compensation shall be payable if the injury or death was occasioned by the intoxication of the employee . . . . In the event that any person claims that the provisions of this section are applicable in any case, the burden of proof shall be upon such person."); *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 134, 276 S.E.2d 304, 306 (1981) (finding the South Carolina Industrial Commission is "clearly an 'agency'" under the Administrative Procedures Act); S.C. Code Ann. § 1-23-310(2) (Supp. 2015) (defining "agency" as "each state board, commission, department, or officer, other than the legislature, the courts, or the Administrative Law Court, authorized by law to determine contested cases"); S.C. Code Ann. § 1-23-380(5) (Supp. 2015) (stating an appellate court "may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact"); *id.* (stating an appellate court may only reverse or modify an agency's final decision where an appellant's rights have been prejudiced because the agency's decision is: "(a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); *Chandler v. Suitt Constr. Co.*, 288 S.C. 503, 505, 343 S.E.2d 633, 635 (Ct. App. 1986) ("Substantial evidence is 'evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action.'" (quoting *Lark*, 276 S.C. at 135, 276 S.E.2d at 306)); *Etheredge v. Monsanto Co.*, 349 S.C. 451, 454, 562 S.E.2d 679, 681 (Ct. App. 2002) (stating the appellate panel is the ultimate fact finder in Workers' Compensation cases and is not bound by the single commissioner's findings of fact); *Sharpe v. Case Produce, Inc.*, 336 S.C. 154, 160, 519 S.E.2d 102, 105 (1999) (stating the final determination of witness credibility and the weight to be accorded evidence is reserved to the appellate panel); *Corbin v. Kohler Co.*, 351 S.C. 613, 624, 571 S.E.2d 92, 98 (Ct. App. 2002) (stating expert medical testimony is designed to aid the appellate panel in coming to the correct conclusion); *Nettles v. Spartanburg Sch. Dist. #7*, 341 S.C. 580, 592, 535 S.E.2d 146, 152 (Ct. App. 2000) (holding the findings of fact of the appellate panel are conclusive when the parties present conflicting medical evidence).

**AFFIRMED.**[1]

**FEW, C.J., and SHORT and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.