**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Verma Tedder, Employee, Claimant, Petitioner,

v.

Darlington County Community Action Agency, Employer, and State Accident Fund, Carrier, Respondents.

Appellate Case No. 2018-001866

———————

Appeal from the Workers' Compensation Commission

———————

Memorandum Opinion No. 2019-MO-040
Heard September 25, 2019 – Filed November 20, 2019

———————

**AFFIRMED AS MODIFIED**

———————

Stephen J. Wukela, of Wukela Law Office, of Florence, for Petitioner.

G. Murrell Smith Jr., of Lee, Erter, Wilson, Holler & Smith, L.L.C., of Sumter, for Respondents.

———————

**PER CURIAM:** In this workers' compensation matter, we granted a writ of certiorari to review the decision of the court of appeals affirming the Workers' Compensation Commission's exclusion of Petitioner's vocational evaluation report

from evidence.[1]  *Tedder v. Darlington Cty. Cmty. Action Agency*, Op. No. 2018-UP-349 (S.C. Ct. App. filed Aug. 1, 2018).  We affirm as modified.

In a case marked by continuances and prolonged delay, Petitioner was evaluated by a vocational expert as the hearing date approached.  Respondents requested Petitioner undergo a second vocational rehabilitation evaluation by an expert of Respondents' choosing.[2]  The single commissioner did not mandate that Petitioner submit to the requested additional evaluation, but the commissioner stated that Petitioner's expert's report would be disallowed at the hearing if she did not submit to an evaluation by Respondents' vocational rehabilitation expert.  Apparently due to concern that the hearing would be delayed further, Petitioner refused to submit to Respondents' requested vocational rehabilitation evaluation.  The hearing proceeded as scheduled.  The single commissioner refused to admit Petitioner's vocational rehabilitation report, which a panel of the commission upheld on review.  As noted, the court of appeals affirmed.

The single commissioner's categorical approach of preemptively precluding admission of Petitioner's vocational rehabilitation report under these circumstances was error.  However, having carefully reviewed the record, we are firmly persuaded the improper exclusion of Petitioner's vocational rehabilitation report did not affect the commission's compensability determination.  *See Chandler v. Suitt Constr. Co.*, 288 S.C. 503, 505, 343 S.E.2d 633, 635 (Ct. App. 1986) (finding that, although the single commissioner erred in admitting certain evidence, the error was harmless).  As a result, the decision of the court of appeals is affirmed as modified.

---

[1] The nature of Tedder's injury and the procedural posture of the case are not in dispute, and we therefore do not detail them here.

[2] We note there is a statute that mandates an injured employee submit to an examination "by a qualified physician or surgeon" at the employer's request or the commission's order.  *See* S.C. Code Ann. § 42-15-80 (2015) ("After an injury and so long as he claims compensation, the employee, if so requested by his employer or ordered by the Commission, shall submit himself to examination, at reasonable times and places, by a qualified physician or surgeon.").  Respondents' reliance on section 42-15-80 before the single commissioner was misplaced, for the statute applies only to physicians and surgeons.

**AFFIRMED AS MODIFIED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**