17948

Mrs. Simon JAKE, Respondent, v. J. S. and R. M. JONES, d/b/a Colleton Sand Company, and U. S. Fidelity & Guaranty Company, Appellants.

(126 S. E. (2d) 721)

*Isadore Bogoslow, Esq.,* of Walterboro, *for Appellants,*

*Messrs. Smoak & Smoak,* of Walterboro, *for Respondent,*

July 31, 1962.

LEWIS, Justice.

Simon Jake, an employee of the Colleton Sand Company, died from drowning while on the premises of his employer.

The Industrial Commission held that his death was caused by an accident which arose out of and in the course of his employment and made an award to his widow for death benefits under the South Carolina Workmen's Compensation Act. The lower Court affirmed the award and the employer and insurance carrier have appealed.

J. S. and R. M. Jones own and operate a sand mining company in Dorchester County, South Carolina, under the name of Colleton Sand Company. In their operations involved in this action, sand was being mined from the bottom of lakes and ponds by means of a hydraulic dredge located upon a barge approximately sixteen feet wide by twenty-five feet long. The dredge was operated by means of machinery located on the barge, to which was attached a suction hose through which sand and water were drawn in the process of mining the sand. The hose extended out from the dredge about 16 feet. In the operation of the dredge, the suction hose would, from time to time, become fouled by foreign matter. When this happened, it was the duty of the operator to leave the dredge, make his way by rowboat to the end of the hose, which would be raised mechanically from the bottom of the lake to within approximately six inches of the surface of the water, and manually clear the obstruction. The barge was located some distance from the shore and it was necessary for the operator of the dredge to reach it by means of a rowboat provided by the employer. The dredge was operated by only one employee whose duties consisted of the operation of the machinery and keeping it in working order, including clearing foreign matter from the suction hose.

Simon Jake, the deceased, had been an employee of the Colleton Sand Company for a period of approximately 22 years and, for approximately 20 years prior to his death, was a dredge operator. He was a highly regarded employee and always followed the instructions of his employer. Although Jake worked on the floating barge and used a rowboat in

connection with his work, he could not swim. In fact, swimming in the lake where the mining operations were carried on was prohibited by the employer.

On the morning of September 7, 1959, Labor Day, the deceased reported for work as usual. Since that was a holiday, only a skeleton crew was at work. As usual, the deceased made his way to the dredge, alone, in a rowboat provided by the employer for that purpose, started the machinery and began work. Sometime later, about 10 A. M., a fellow employee, who worked on the shore, noticed that the deceased was not on the dredge and that the rowboat used by him was adrift on the lake. The dredge was operating "at full force". Upon investigation, the clothing and shoes of the deceased were found scattered generally over the length of the barge and his body was located, naked, in the water about three or four feet from the barge. He was dead when found and it was admitted that death was caused by drowning.

When the other employees reached the barge, they stated that the machinery was operating properly, including the suction pipe; but there was testimony that the heat indicator on the motor of the dredge was giving trouble earlier in the morning.

The dredge was located in full view of travelers on U. S. Highway No. 17A and other employees who worked on the shore of the lake. The testimony shows that the deceased was a very modest person and normally refrained from disrobing in the presence of others, even in the presence of his fellow employees with whom he lived five days out of the week.

Although the dredge was located so that it could be seen by others, there were no eye witnesses to the death, and no direct or positive evidence as to the exact manner or cause of the entry of the deceased into the water at the time.

Under the foregoing facts, the Industrial Commission held that Simon Jake came to his death by drowning on September 7, 1959, and that his death was the result of an

accident which arose out of and in the course of his employment. It is the position of the appellants that the uncontradicted evidence shows that the entry of the deceased into the water on the occasion in question was a voluntary act on his part, not required by any duty in connection with his employment, and was not necessitated by any emergency in existence at the time.

A determination of the issues in this appeal involves a review by this Court of the facts upon which the Industrial Commission based its factual findings. In reviewing the facts we do not weigh the testimony, but are only concerned with whether or not there is any competent evidence to sustain the findings of the Industrial Commission. "If the facts proved are capable as a matter of law of sustaining the inferences of fact drawn from them by the Industrial Commission its findings are conclusive in the absence of fraud and neither this Court nor the Court of Common Pleas is at liberty to interfere with them." *Buff v. Columbia Baking Co.,* 215 S. C. 41, 53 S. E. (2d) 879, 880.

Citation of authority is unnecessary for the well settled principle·that, in order to recover, it was incumbent on the claimant to show that death was the result of an accident which arose out of and in the course of the employment of the deceased, and that such may be shown by either direct or circumstantial evidence.

This was an unwitnessed death and circumstantial evidence was largely relied upon to show the fact of an accident and its causal connection with the employment of the deceased. To support an award in a Workmen's Compensation case, based upon circumstantial evidence, the evidence "need not reach such a degree of certainty as to exclude every reasonable or possible conclusion other than that reached" by the Industrial Commission, *Fowler v. Abbott Motor Co.,* 236 S. C. 226, 113 S. E. (2d) 737, 740; but is sufficient if the circumstances surrounding the occurrence are such as to lead an unprejudiced mind

reasonably to infer that death was caused by an accident within the meaning of the Workmen's Compensation Act. *Jeffers v. Manetta Mills,* 190 S. C. 435, 3 S. E. (2d) 489.

The Industrial Commission has found that the circumstantial evidence relied upon was sufficient to give rise to the reasonable inference that some unforeseen circumstance developed in connection with his work which caused the deceased to believe it necessary for him to enter the water and that, in doing so, he lost his life by accidental drowning. We think that the evidence supports such inference.

The work of the deceased required him to be over the water on a floating barge and his duties required him to use a rowboat, not only in reaching his work, but also in the performance of some of his duties in the operation of the dredge. He was the only employee on the barge and was required to perform all of the duties incident to the operation. The evidence shows that the deceased lost his life by drowning during normal working hours on property owned, leased or controlled by the employer and at a place where his duties required him to be. Under such circumstances, a presumption arises that his death resulted in the course of, and as a consequence of, the employment. *Owens v. Ocean Forest Club,* 196 S. C. 97, 12 S. E. (2d) 839; *Buff v. Columbia Baking Co., supra,* 215 S. C. 41, 53 S. E. (2d) 879. In the *Owens case* the principle is thus stated: "There is a natural presumption, or a presumption of fact, that one charged with the performance of a duty and injured while performing such duty, or found injured at a place where his duty may have required him to be, is injured in the course of, and as a consequence of, the employment."

The appellants argue, however, in attempting to escape the force of the foregoing presumption that, since the deceased removed his clothing before entering the water, the only reasonable inference from the evidence is that he voluntarily entered the water to go swimming. They frankly concede in their brief that "if the deceased had been found drowned

with his clothes on, the conflicting inferences of voluntarily going into the water or entering the water in connection with employment would have arisen, in which case the finding by the Commission would be controlling."

While the fact that deceased had removed his clothing would give rise to an inference that he voluntarily entered the water to go swimming, such is not the only reasonable inference to be drawn from the evidence. The record shows that swimming was prohibited and that the deceased had always, for 22 years, obeyed the instructions of his employer. He was a modest man but, in removing his clothing, he did so at a place visible to travelers on U. S. Highway No. 17A and the other employees. He could not swim. After his death the dredge machinery was found operating at full speed. His clothes and shoes were found scattered over the barge on which he worked, reasonably indicating some circumstance which he considered necessitated undressing in considerable haste. The boat used by him in connection with his work, normally tied to the barge, was adrift on the lake. The deceased alone had charge of and responsibility for the operation on the dredge and necessarily exercised some discretion in dealing with situations which arose in his work, removed as he was from all of the other employees and his foreman.

Taking all of the foregoing facts and circumstances into consideration, we cannot say that the Commission, in concluding that the deceased met his death by an accident which arose out of and in the course of his employment, drew an inference which no reasonable man could draw from the evidence. The facts and circumstances must be viewed in the light of common experience. It will not be assumed that the deceased intentionally undertook to do something which he knew would bring about his death. It is reasonable to infer from the evidence that circumstances arose in connection with his work, which the deceased thought required his entering the water and, having done so, was drowned. Since the facts proved sustained the in-

ferences drawn from them by the Commission, its findings are conclusive on appeal.

A like conclusion to that here was reached upon very similar facts in the case of *Steed v. Mount Pleasant Seafood Co.,* 236 S. C. 253, 113 S. E. (2d) 827.

Affirmed.

TAYLOR, C. J., and MOSS and BUSSEY, JJ., concur.

BRAILSFORD, J., disqualified.