19565

Hazel B. EAGLES et al., Respondents, v. GOLDEN COVE, INC. t/a Pirateland, Appellant

(194 S. E. (2d) 397)

114

E. *Windell McCrackin, Esq.,* of Myrtle Beach, *for Appellant,*

*Franklin R. Dewitt, Esq.,* of Conway, *for Respondent,*

February 8, 1973.

LITTLEJOHN, Justice:

The South Carolina Industrial Commission found as a matter of fact that the death of Sam Eagles arose out of and in the course of his employment. Payment to his widow and dependents was directed under the terms of the South Carolina Workmen's Compensation Law. Upon appeal to the Civil and Criminal Court of Horry County, Judge Claude M. Epps sustained the findings and directive of the Industrial Commission. The case is now before us upon an appeal on one question, as copied from appellant's brief:

"Did cliamants' decedent suffer any injury while in the course of his employment which injury was causally connected with his death?"

The hearing commissioner and the full commission found:
" . . . [T]hat on June 8, 1970, shortly after beginning

work that day for the defendant-employer, Golden Cove, Inc. t/a Pirateland at Myrtle Beach, South Carolina, the decedent was cutting grass with a sling blade when a yellow jacket or bee stung him. He told a co-worker, Jerome Kittles, that he had been stung by a yellow jacket and for him to go get some gasoline and tell Clyde Kittles and George Ceasar (two other co-workers who were working nearby) to come quick. When they arrived at the scene only a few minutes later, the decedent was lying on his back, was foaming at the mouth, had vomited some, and was unable to speak. Shortly thereafter the ambulance came and he was carried to the Ocean View Memorial Hospital where he was pronounced dead on arrival."

Dr. Hunter E. Causey was on duty at the emergency room when the body of the decedent was brought to the hospital. He testified that Sam Eagles was dead on arrival. A fair summary of his testimony indicates that it is possible for a bee or yellow jacket sting to kill a person. He did not say that the death was most probably caused by the sting; he did not give an opinion as to the cause of death.

We therefore consider the question submitted to the court realizing that claimant has not met the *most probable* rule. It is not necessary to have medical testimony in every case in order for claimants to prevail. Circumstantial evidence may be used in establishing causal connection between injury (insect sting) and death. We think there was competent evidence to sustain the finding of the commission that the death of Sam Eagles arose out of and in the course of his employment, and that there was a causal connection between the death and sting. Where an employee is found injured or dead at a time and place where his employment reasonably required him to be, there is a presumption of fact that the death arose out of and in the course of the employment. *Floyd v. W. O. Greene Plumbing and Heating Co.*, 255 S. C. 352, 179 S. E. (2d) 28 (1971); *Jake v. Jones*, 240 S. C. 574, 126 S. E. (2d) 721 (1962).

There is no real conflict in the evidence presented to the Industrial Commission. When the evidence is susceptible of more than one reasonable inference, the Commission substitutes for a jury and determines the facts in a given case. We cannot say that the court below erred in sustaining the findings and award of the Industrial Commission and the order of the lower court is

Affirmed.

Moss C. J., and Lewis, Bussey and Brailsford, JJ., concur.