1329

SUBURBAN PROPANE GAS COMPANY, Employer, and Ranger Insurance Company, Carrier, Appellants v. Louie A. DESCHAMPS, Sr., Deceased Employee, Queen P. Deschamps, Sean Leroy Deschamps, Trelvis T. Deschamps and Louie A. Deschamps, Jr., Respondents.

(379 S. E. (2d) 301)

Court of Appeals

*Marvin E. McMillan, Jr.,* and *M. M. Weinberg, Jr.,* of *Weinberg, Brown & McDougall,* Sumter, *for appellants.*

*Ruben L. Gray,* Sumter, *for respondents.*

Heard March 22, 1989.

Decided April 24, 1989.

SHAW, Judge:

Respondents, the widow and minor children of Louie A. Deschamps, Sr., instituted this action seeking workers' compensation benefits. Appellants, Suburban Propane Gas Company, employer, and Ranger Insurance Company, carrier, denied the claim arguing the death of Mr. Deschamps was not related to his employment. The single commissioner found Mr. Deschamps' death arose out of and occurred in the course of his employment and ordered the payment of benefits and expenses to the respondents. The full commission and circuit court affirmed. Employer and carrier appealed. We affirm.

At the time of his death, Mr. Deschamps was an employee of Suburban Propane Gas Company. He worked as an outside salesman and his duties included originating and making sales of gas equipment and other products sold by his employer. He worked the Sumter territory which included a 15 to 20 mile radius around Sumter. As a salesman he was

provided with a company car for use during the day. Although he was not authorized to take the car home overnight without special permission, he was allowed to use the car for personal errands during the day. The company office hours ran from 8:30 to 5:30, but as an outside salesman, Mr. Deschamps was free to make a sale at any time. There was no company policy requiring him to check in or out and he was free to come and go without notifying anyone at the office of his whereabouts.

On December 19, 1985, a cashier employed by Suburban Propane who took incoming calls, received several calls from a man requesting to speak to Mr. Deschamps. He asked that Mr. Deschamps be told that "Phillips" was trying to get in touch with him. At approximately 3:00 that afternoon, Mr. Deschamps returned to the office and the cashier gave him the message. Around 3:30, Mr. Deschamps left the office in the company car. Prior to leaving he told the cashier he was going to see if he could catch up with "Phillips." At approximately 4:00 that afternoon, Mr. Deschamps was found shot to death in the driveway of a vacant home. The home was within the operating radius of the company and the company had serviced homes in that general community.

An investigator from the sheriff's department testified he arrived at the scene and discovered the body of Mr. Deschamps about 10 feet from the company car. A tape measure and note pad with names, diagrams, measurements and dimensions were found within inches of Mr. Deschamps' body.[1] The department ruled out the motive of robbery since a watch and approximately $85 were found on the body.

Further investigation of the case revealed a list found in Mr. Deschamps' office drawer containing the first names of various women and their telephone numbers. When contacted by the sheriff's department, some of these women stated they were customers, some stated they were friends and some denied knowing Mr. Deschamps. Some children who claimed to have witnessed the scene told investigators

---

[1] These items were tools of trade and working documents used by Mr. Deschamps as an outside salesman.

they heard vehicles drive at a high rate of speed. No motive was ever established for the murder and the investigation was still ongoing at the time of the hearing.

The issue on appeal is whether the evidence supports a finding that Mr. Deschamps' death arose out of and in the course of employment.

■ We first note that the standard of review to be applied in this case is the substantial evidence rule prescribed in the Administrative Procedures Act. *See Lark v. Bi-Lo, Inc.,* 276 S. C. 130, 276 S. E. (2d) 304 (1981). Under the rule, this court may reverse or modify an administrative decision if such decision is affected by errors of law, characterized by abuse of discretion, or clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Substantial evidence is that which would allow reasonable minds to reach the conclusion that the administrative agency reached in order to justify its action. It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent the agency's finding from being supported by substantial evidence. *See Todd's Ice Cream, Inc. v. S. C. Employment Security Comm.,* 281 S. C. 254, 315 S. E. (2d) 373 (Ct. App. 1984) citing *Lark v. Bi-Lo, Inc.*

■■ In finding that Mr. Deschamps' death arose out of and in the course of employment, the commission relied on the proposition of law that, where an employee is found injured or dead at a time and place where his employment reasonably required him to be, there is a presumption of fact that death arose out of and in the course of employment. *See Eagles v. Golden Cove, Inc.,* 260 S. C. 113, 194 S. E. (2d) 397 (1973). In the instant case, Mr. Deschamps was killed during the regular working hours of his employer. His body was found in a residential area within the service jurisdiction of the company in which the company had customers. Further, the body was found a short distance from the company car and inches away from the body were tools and documents used by Mr. Deschamps in his employment. Based on this, the commission found the business of the

employer took Mr. Deschamps to the location at which he was found shot and at the time of the occurrence, he was engaged in the business of his employer.

Because the case has remained unsolved, it is unknown whether the attack on Mr. Deschamps was motivated by personal or work-related reasons. While is is possible to draw two inconsistent conclusions from the evidence, we hold, in light of the presumption raised and additional circumstantial evidence, there is substantial evidence in the record to support the finding of the commission.

Affirmed.

GARDNER and BELL, JJ., concur.

