### 1622

Ron DAVIS (Deceased), Respondent v. BY-PASS AUTO PARTS, INC., and American Casualty Company, Appellants.

(403 S.E. (2d) 133)

Court of Appeals

---

*Mary Layton Wells*, of the *Hyman Law Firm*, and *Alvin A. Coleman, Jr.*, of *Coleman, Aiken & Chase*, Florence, *for appellants*.

*Patrick D. Partin,* of *Tetterton & Partin,* Camden, *for respondent.*

Heard Jan. 21, 1991.

Decided March 4, 1991.

*Per Curiam:*

In this workers' compensation case for death benefits by the statutory beneficiary of the employee, Ron Davis (Davis), By-Pass Auto Parts, Inc., (Employer) denied the claim. The Hearing Commissioner awarded compensation to the beneficiary. The Full Commission affirmed. The circuit court affirmed and the Employer appeals. We affirm.

The Employer employed Davis as a handyman. His hours of employment were from 8 a.m. to 6 p.m. Davis was seen heading into the junkyard between 4 and 5:30 p.m. on the afternoon of January 7, 1987. This was the last time he was seen alive. On the morning of January 8, 1987, Davis was found dead under a car that apparently fell from its support while he was lying under it.

The issues before us are whether (1) the Workers' Compensation Commission erred in relying upon the presumption that when an employee is found dead at his place of employment, his death arose out of and in the course of his employment; (2) the Workers' Compensation Commission properly relied upon the presumption that the unexplained failure to call a material witness under a party's control raises adverse inferences and (3) the record contains substantial evidence to support the Commission's findings of fact.

## I.

South Carolina recognizes the proposition of law that when an employee is found dead at a place where his employment reasonably required him to be, there is a presumption that death arose out of and in the course of employment. *Jake v. Jones,* 240 S.C. 574, 126 S.E. (2d) 721 (1962); *Suburban Propane Gas Co. v. Deschamps,* 298 S.C. 230, 379 S.E. (2d) 301 (Ct. App. 1989). We hold that this presumption applies because there is substantial evidence of record that Davis was found dead at a place where his employment required him to be.

The Employer was in the business of selling used cars and used parts. Although the Employer's vice president, Earl Quick, testified that only two employees were allowed to pull parts, and Davis was not one of these employees, a concessionaire who had been on the premises for three years testified that he had removed parts on many occasions and had never known that he was forbidden to do so. In addition, Davis's brother testified that he had seen Davis pull parts on prior occasions.

Davis arranged to purchase a transmission for his girlfriend's car. Throop Lockey, the president of the Employer, arranged to have the girlfriend's car towed to the Employer and later told Davis's mother that he knew Davis was going to get the transmission. Davis was last seen during his normal shift going into the junkyard to remove the transmission. In view of this evidence, it is clear that Davis had authority or at least believed he had authority to remove the transmission from the car that killed him. The Workers' Compensation Commission properly applied the presumption that Davis's death arose out of and in the course of his employment.

## II.

The Employer argues that the Commission erred when it applied the presumption regarding a party's failure to call a material witness within the party's control in place of substantive evidence. We disagree. First, we are not convinced that the Hearing Commissioner applied the presumption. In his order, the Commissioner makes no mention of such a presumption. If he did rely upon the presumption, however, he did so properly.

Davis's mother testified that Throop Lockey told her Davis was going to pay $50 for the transmission, but he did not know Davis was going to get it then. Aside from Davis's mother, Lockey was the only person present during the conversation. Only he could have rebutted her testimony; he did not. If, indeed, the Commission considered Lockey's failure to testify, we hold this not to have been error. *Arnold v. Yarborough*, 281 S.C. 570, 316 S.E. (2d) 416 (Ct. App. 1984).

## III.

The standard of review to be applied in this case is the substantial evidence rule set forth in the Administrative Procedures Act. *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E. (2d) 304 (1981). The Employer argues that the Commission's decision was not supported by substantial evidence. "Substantial evidence is that which would allow reasonable minds to reach the conclusion that the administrative agency reached in order to justify its action." *Deschamps*, 298 S.C. at 233, 379 S.E. (2d) at 302. The record contains testimony that Davis had removed used parts on prior occasions and that on the day of his death, the president of the Employer knew that Davis intended to remove a transmission. These facts provide substantial evidence that if there were a company policy prohibiting Davis from pulling parts, Davis was unaware of it. Also, Davis was last seen during working hours heading into the junkyard to pull the transmission. The next morning Davis was found dead and the company jack and jack stand, which were usually locked in the shop after hours, were found at the scene. These facts provide substantial evidence that Davis was killed while performing a job which he started during normal working hours. Reasonable minds could easily share the conclusions that the Workers' Compensation Commission reached. We find no abuse of discretion or clearly erroneous conclusions.

For these reasons, the opinion of the trial judge is affirmed.

Affirmed.