1712

Harvey C. FULMER, Respondent v. SOUTH CAROLINA ELECTRIC & GAS COMPANY, Appellant.

(410 S.E. (2d) 25)

Court of Appeals

*Samuel F. Painter,* Columbia, *for appellant.*

*D. Michael Kelly,* Columbia, *for respondent.*

Heard Sept. 17, 1991; Oct. 14, 1991.

Rehearing Denied Nov. 4, 1991.

*Per Curiam:*

Respondent-employee, Harvey C. Fulmer, instituted this workers' compensation action against appellant-employer, South Carolina Electric & Gas Company (hereinafter SCE&G), for benefits as a result of a heart attack suffered by Fulmer while at work. The single commissioner awarded benefits. The full commission affirmed by a two to one vote. From an order of the circuit court affirming the award, SCE&G appeals. We reverse.

The record reflects the following facts. At the time of the hearing in November 1987, Fulmer was 54 years old and had worked as a mechanic for SCE&G for almost 10 years. On the morning of May 19, 1986 Fulmer was changing the engine in a truck and needed a carburetor gasket. He reported to the parts room to obtain the gasket but was told by the parts handler that they did not have one. When he questioned the parts handler as to whether the parts runner could go get the gasket and whether he could have it after lunch, the parts handler would only reply he didn't know. Fulmer testified as follows:

> Well, that's when I got very angry. I got—it's hard to explain how I felt. But it felt like everything was ready to blow up, in fact. You know, it was—I wanted an answer. I wanted that part. And I just couldn't get an answer that I was going to ever get the part. And the man was just sitting there. He didn't say "I'll try to get it" or anything else. So I just turned around and walked back to my job.

Fulmer admitted there was no cursing nor any threat of bodily harm exchanged during the conversation and there were occasions in the past when he had difficulty obtaining parts. He further stated it was the attitude of the parts handler that bothered him. Fulmer returned to his work area and, within thirty minutes of his conversation with the parts handler, suffered a heart attack.

The single commissioner noted that a heart attack is compensable if induced by unexpected strain or overexertion in the performance of employment duties or by unusual or extraordinary conditions in the employment. The commissioner concluded the heart attack was a compensable accident. The

full commission summarily affirmed by a two member vote with the third member's dissent stating there was no unusual stress exhibited nor was the injury induced by unexpected strain or overexertion. The circuit court affirmed finding the commissioner's decision had substantial evidentiary support.

It is well settled in this state that a heart attack suffered by an employee constitutes a compensable accident if it is induced by unexpected strain or overexertion in the performance of the duties of employment or by unusual and extraordinary conditions in the employment. *Kearse v. S.C. Wildlife Resources Dept.*, 236 S.C. 540, 115 S.E. (2d) 183 (1960); *Brown v. La France Industries, etc.*, 286 S.C. 319, 333 S.E. (2d) 348 (Ct. App. 1985). However, it is equally clear that, if a heart attack results as a consequence of the ordinary exertion that is required in the performance of employment duties in the ordinary and usual manner, and without any outward untoward event, it is not compensable as an accident. *Kearse*, 115 S.E. (2d) at 186; *DeBruhl v. Kershaw County Sheriff's Dept.*, — S.C. —, 397 S.E. (2d) 782 (Ct. App. 1990).

We are mindful that our scope of review in workers' compensation cases is limited to making a determination of whether or not there is substantial evidence to support the factual findings of the commission. *Bridges v. Housing Authority, etc.*, 278 S.C. 342, 295 S.E. (2d) 872 (1982). However, the record before us is devoid of substantial evidence supporting the finding that the heart attack was a compensable accident. No unexpected strain or overexertion was shown in Fulmer's performance of his employment duties. Neither was there a showing of unusual or extraordinary conditions in the job that he was expected to perform. The testimony of Fulmer himself indicates the incident with the parts handler was not violent, either physically or verbally. Further, the record demonstrates that the unavailability of parts was neither unusual nor extraordinary. While Fulmer may have been irritated by his perception of the parts handler's attitude as indifferent, a merely unpleasant experience at work without more will not satisfy the rule of law set forth in this state for compensation involving heart attack victims.

For the foregoing reasons, the order below is reversed.

Reversed.