494 S.E.2d 819

**Jacqueline MINOR, Respondent,**

v.

**PHILIPS PRODUCTS and Gallagher Basset Services, Inc., Appellants.**

**No. 24731.**

Supreme Court of South Carolina.

Heard March 4, 1997.
Decided Dec. 29, 1997.

Stanford E. Lacy, of Collins & Lacy, P.C., Columbia, for appellants.

F.G. Delleney, Jr., of Hamilton, Hamilton, Delleney & Gibbons, Chester, for respondent.

FINNEY, Chief Justice:

Appellants Philips Products and Gallagher Basset appeal the circuit court judge's order upholding a determination by the South Carolina Workers' Compensation Commission that

respondent Jacqueline Minor's injury was caused by a job related accident. We affirm.

Minor sought workers' compensation benefits based upon an accidental injury to her arm while employed by Philips Products. A hearing was held before the single commissioner to determine compensability and benefits payable if indicated. The commissioner found Minor was entitled to temporary total compensation from the time she was out of work because of her injury. Additionally, the commissioner held that Minor suffered a 12% permanent partial impairment disability to her left upper extremity as a result of an accidental injury on June 2, 1994. Appellants were ordered to pay benefits. The single commissioner's order was affirmed by a workers' compensation commission panel and the circuit court.

Appellants contend it was error to find Minor was injured by accident. Instead they claim Minor has described a repetitive motion injury which should be treated as an occupational disease.

■ A decision of the Workers' Compensation Commission must be affirmed if the factual findings are supported by substantial evidence in the record. *Stokes v. First National Bank*, 306 S.C. 46, 410 S.E.2d 248 (1991). Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached. *Id.*

■ The commissioner found that Minor injured her arm through an aggravation that, coupled with a previous incident, brought the injury to the status of an accident on June 2, 1994. The commissioner concluded Minor suffered a compensable injury by accident arising out of and in the course and scope of her employment. The commissioner relied on the deposition testimony of Doctors Stone and Lehman concerning causation. Dr. Lehman testified that Minor did not describe a specific event that brought on the pain but rather, the pain began at a particular point in time. Dr. Lehman stated the symptoms could have been caused by a single traumatic event. Dr. Stone diagnosed Minor as having tendinitis and indicated that her injury could have been caused by trauma to the tendon from strain in pulling something hard. Minor testified that she felt pain on June 2 when pulling vinyl to make a screen

door. She described the pain as being sharp and causing her to stop work. She stated she went to the office and was given a wrist band. She testified she also felt a similar lighter pain previously in May. Minor claimed the pain became worse on June 21 and she went to the doctor. Dr. Stone testified that he first treated Minor for this injury on June 21, 1994.

We find substantial evidence in the record to support the single commissioner's finding that the injury Minor complained of was caused by an accident arising out of and in the course of her employment resulting in an injury to her left arm and shoulder. Accordingly, the circuit court's order is

AFFIRMED.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.