THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 James D.
 Abrams, Appellant,
 
 
 

v.

 
 
 
 Nan Ya Plastics
 Corporation, Employer, and Ace Fire Underwriters Insurance Company, Carrier, Respondents.
 
 
 

Appeal From the Appellate Panel 
 South Carolina Workers' Compensation
Commission 

Unpublished Opinion No. 2012-UP-325   
Submitted May 1, 2012 – Filed May 30, 2012

AFFIRMED

 
 
 
 Steve Wukela Jr., of Florence, for
 Appellant.
 John C. Bruton Jr., of Columbia, for
 Respondents.  
 
 
 

PER CURIAM: James Abrams
 (Employee) appeals the order of the Appellate Panel of the South Carolina
 Workers' Compensation Commission (Appellate Panel), arguing the Appellate Panel
 erred in (1) finding Employee did not
 suffer a work-related injury on June 24, 2008, and (2) drawing a negative
 inference from Employee's failure to call an alleged eyewitness of the
 work-related injury.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: 
1. Given the conflicting testimony
 concerning the cause of Employee's injury, we find substantial evidence in the
 record to support the Appellate Panel's finding Employee did not suffer a work-related injury on June 24, 2008.  See Robbins v. Walgreens & Broadspire Servs., Inc., 375 S.C.
 259, 264, 652 S.E.2d 90, 93 (Ct. App. 2007) ("The South Carolina
 Administrative Procedures Act establishes the standard of review for decisions
 by the [Appellate Panel].  In workers' compensation cases, the [Appellate
 Panel] is the ultimate fact finder.  The Appellate Panel is specifically
 reserved the task of assessing the credibility of the witnesses and the weight
 to be accorded evidence.  Thus, this court will not substitute its judgment for
 that of the Appellate Panel as to the weight of the evidence on questions of
 fact . . . .  Substantial evidence is evidence which, considering the record as
 a whole, would allow reasonable minds to reach the conclusion that the
 administrative agency reached." (citations and internal quotation marks
 omitted)); see also Sharpe v. Case Produce, Inc., 336 S.C. 154,
 160, 519 S.E.2d 102, 105 (1999) ("The possibility of drawing two
 inconsistent conclusions from the evidence does not prevent the [Appellate
 Panel]'s finding[s] from being supported by substantial evidence.  Where there
 is a conflict in the evidence, the [Appellate Panel]'s findings of fact are
 conclusive. The final determination of witness credibility and the weight to be
 accorded evidence is reserved to the [Appellate Panel] and it is not the task
 of the court to weigh the evidence as found by the [Appellate Panel]."
 (citations omitted)).  
2.  We find the Appellate Panel did
 not draw a negative inference from Employee's failure to call an alleged
 eyewitness of the work-related injury.  See Pilgrim v. Eaton,  391 S.C. 38, 48, 703 S.E.2d 241, 246 (Ct.
 App. 2010) ("Our courts have frequently stated that the burden of proof is on the claimant to prove facts which
 will bring the injury under the coverage of the Workers' Compensation
 Act."); see also Davis v. By-Pass Auto Parts, Inc., 304 S.C.
 75, 78, 403 S.E.2d 133, 135 (Ct. App. 1991) (finding the court did not believe
 the Appellate Panel applied the presumption regarding a party's failure to call
 a material witness within the party's control and noting nonetheless it was not
 error for the Appellate Panel to consider his failure to testify).  
AFFIRMED.
WILLIAMS,
 THOMAS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.