**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tina Mayers, Appellant,

v.

OSI Group, LLC/Amick Farms, and Federal Insurance Co., Respondents.

Appellate Case No. 2013-000414

---

Appeal From The Workers' Compensation Commission

---

Unpublished Opinion No. 2014-UP-281
Heard March 19, 2014 – Filed July 9, 2014

---

**AFFIRMED**

---

Charles Edward Johnson, Sr., of Charles E. Johnson, P.A., of Columbia, for Appellant.

Kristian Melissa Cross and Logan McCombs Wells, both of Collins & Lacy, P.C., of Columbia and Greenville, respectively, for Respondents.

---

**PER CURIAM:**  In this workers' compensation appeal, Tina Mayers argues the Appellate Panel of the Workers' Compensation Commission ("Appellate Panel")

erred in finding she failed to satisfy the compensability requirements for a repetitive trauma injury pursuant to section 42-1-172 of the South Carolina Code (Supp. 2013).   We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 288, 599 S.E.2d 604, 610 (Ct. App. 2004) ("A reviewing court may reverse or modify a decision of an agency if the findings, inferences, conclusions or decisions of that agency are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record."); *Frame v. Resort Servs. Inc.*, 357 S.C. 520, 527, 593 S.E.2d 491, 495 (Ct. App. 2004) (noting this court "may not substitute its judgment for that of the [Appellate Panel] as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law"); *Bass v. Isochem*, 365 S.C. 454, 468, 617 S.E.2d 369, 376 (Ct. App. 2005) ("The Appellate Panel is the ultimate fact finder in [w]orkers' [c]ompensation cases and is not bound by the [s]ingle [c]ommissioner's findings of fact."); *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 23, 716 S.E.2d 123, 126 (Ct. App. 2011) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel."); § 42-1-172(D) (stating a repetitive trauma injury is compensable "only if it is established by medical evidence that there is a direct causal relationship between the condition under which the work is performed and the injury"); *Hargrove*, 360 S.C. at 293-94, 599 S.E.2d at 613 ("Expert medical testimony is designed to aid the Appellate Panel in coming to the correct conclusion. . . . Although medical testimony is entitled to great respect, the fact finder may disregard it if there is other competent evidence in the record."); *Tiller v. Nat'l Health Care Ctr. of Sumter*, 334 S.C. 333, 340, 513 S.E.2d 843, 846 (1999) ("[T]he [Appellate Panel] determines the weight and credit to be given to the expert testimony[, and o]nce admitted, expert testimony is to be considered just like any other testimony."); *Jennings v. Chambers Dev. Co.*, 335 S.C. 249, 254, 516 S.E.2d 453, 456 (Ct. App. 1999) (stating that "[t]he claimant has the burden of proving facts that will bring the injury within the workers' compensation law").

**AFFIRMED.**

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**